## Shalemiller *versus* McCarty *et al.*

1. A purchaser at treasurer's sale takes by his deed but an inchoate title, requiring two years to become absolute.

2. His only certain interest is in the money paid and the 25 per cent. on redemption.

3. He is not invested with any title whatever to the land, because the owner's title is not divested.

4. The incidents of title remain in the owner, and enable him on his constructive possession to maintain trespass.

5. Unseated land was sold for taxes, the purchaser entered before the two years had expired and cut timber, the owner brought suit before he had redeemed. *Held*, that he might recover.

ERROR to the Court of Common Pleas of *Lycoming county*.

This was an action of trespass by Rachel McCarty and others against Tobias Shalemiller, for breaking their close and cutting and carrying away timber trees.

The writ was issued January 6th 1865.

On the 16th of April 1858, the title to the *locus in quo* was in William McCarty: the plaintiffs are his widow and heirs, he having died. The land had been sold at treasurer's sale to the defendant, who entered upon it before the expiration of the two years allowed for redemption, and cut the timber in question. The McCarty heirs brought this suit, and afterwards, in due time, redeemed the lands.

[Shalemiller v. McCarty.]

The defendant asked the court to charge:—

1st. That the possession of the land, together with the right of possession, was in the defendant from the time that he purchased the same at treasurer's sale until it was redeemed by plaintiffs.

3d. If the jury believe that the defendant did not cut or remove the timber prior to his purchase at treasurer's sale, or subsequently to the redemption by plaintiffs, the plaintiffs are not entitled to recover.

The court (Jordan, P. J.) answered the points as follows:—

"That although a purchaser at treasurer's sale obtained a deed for the land purchased, his title was not perfect until default was made by the owner to pay the taxes, costs and per centage imposed upon him by the act. That no entry upon the land by the purchaser within the two years could compel the owner to redeem at an earlier period than that fixed by the act. He had a right to redeem at any time within two years, and that such redemption defeated the title acquired by the purchaser at the treasurer's sale. That although the jury might believe the timber was not cut by the defendant and removed prior to the purchase at treasurer's sale, or subsequent to the redemption of the land by the owner, still the plaintiffs are entitled to recover."

The verdict was for the plaintiffs for $400. The defendant having taken out a writ of error, assigned the answers to his points for error.

*C. D. Emery*, for plaintiffs in error, cited Lewis *v.* Carsaw, 3 Harris 34; Ward *v.* Taylor, 1 Barr 238; 1 Shep. 87; 19 Wend. 507; Greber *v.* Klechner, 2 Barr 291; Cong. Soc. *v.* Baker, 15 Vt. 119; Acts of 13th March 1815, § 1, Purd. 992, pl. 18, 6 Sm. L. 299; 3d April 1804, § 5, Purd. 994, pl. 32, 4 Sm. L. 201; Mather *v.* Trinity Church, 3 S. & R. 513; 11 Johns. 385; 2 Bl. Com. 104; Creigh *v.* Wilson, 1 S. & R. 38; Act of 12th April 1842, § 20, Purd. 997, pl. 45, Pamph. L. 265; Hockenbury *v.* Snyder, 2 W. & S. 253; Cromelien *v.* Brink, 5 Casey 526; Bac. Abr. tit. *Trespass*, c. 3; Weitzel *v.* Marr, 10 Wright 463; Baker Howell, 6 S. & R. 476; Powell *v.* Smith, 2 Watts 126; Elliott *v.* Powell, 10 Id. 453; King *v.* Baker, 1 Casey 186; Weaver *v.* Lawrence, 1 Dallas 157; Woods *v.* Nixon, Addis. 134; Shearick *v.* Huber, 6 Binn. 3; Stoughton *v.* Rappalo, 3 S. & R. 562.

*W. H. Armstrong* and *J. Armstrong*, for defendant, cited Mather *v.* Trinity Church, 3 S. & R. 513; Jackson *v.* Sellick, 8 Johns. 262; Van Renssalaer *v.* Van Renssalaer, 9 Id. 377; Hughes *v.* Stevens, 12 Casey 323; Lightner *v.* Mooney, 10 Watts 412; Gault's Appeal, 9 Casey 94; Cromelien *v.* Brink, 5 Id. 526.

[Shalemiller *v.* McCarty.]

The opinion of the court was delivered, May 13th 1867, by

Thompson, J.—We think the learned judge of the Common Pleas committed no error in his answers to the defendant's points, or in charging the jury that the plaintiffs were entitled to recover.

The uniform understanding and belief of the profession and people of this Commonwealth, for over half a century, has been, that a purchaser of unseated lands for taxes, when he receives his deed, takes but an inchoate or inceptive title, which requires the lapse of two years from the date of sale to ripen into an absolute title. This it will do if the land be not redeemed in the mean time. The only certain interest the buyer has up to that time, by virtue of his purchase, is in the money paid, and 25 per cent. on that amount on redemption.

He is not invested with any title to the land whatever, because the owner's title is not divested: 10 Watts 412; 6 W. & S. 509; 3 Casey 154; 9 Id. 98. If the owner's title be not divested, the incidents of title remain, one of which is, in the absence of actual possession, to draw the possession to the title, and to enable the owner, upon his constructive possession, to maintain trespass. This exists up to the last moment before the two years have closed in. After that, and not before, is his title divested, if he do not redeem. Up to that time he would not be a trespasser by entering on the land and cutting timber, or doing any other act affecting the freehold. This is by reason of title. And for the same reason, he may bring suit against a trespasser on the lands, any time within the two years, without redeeming.

So fully was this understood to be the law, that the proviso to the 20th section of the Act of 12th April 1842, allowing for improvements in all cases of recovery against the tax title, prohibits the allowance for improvements within the two years provided for redemption. The 25 per cent. was intended to compensate the purchaser, if the land was redeemed; that he should also be entitled to the profits of it, was never thought of. Under such a construction of the law, as contended for by the plaintiff in error, all the timber might be stripped from the land within the two years, and leave it not worth redeeming.

There is no error in the record, and the judgment is affirmed.