# Neel's Appeal.
## Neel's Estate.    Colvin's Estate.

1. Where in a proceeding in the Orphans' Court, that court has charged money payable at a future period upon real estate, said court may, under the Act of May 17th 1866, decree the payment of said charge, when due, out of such real estate.

2. Owelty of partition is such a charge, and the person to whom it is due is not bound to sue on the recognisance, but may proceed in the Orphans' Court, under the terms of said act.

3. There is nothing in the Act of 1866, which precludes a resort to the other remedies pre-existing, for the recovery of the sum charged, and the jurisdiction of the Orphans' Court is not exclusive.

November 13th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

[Neel's Appeal.]

Appeal from the decree of the Orphans' Court of *Allegheny county*: Of October and November Term 1878, No. 273.

Archibald Neel died intestate in 1854, seised of real estate in Allegheny county, proceedings for the partition of which were commenced in the Orphans' Court at June Term 1865. The inquest returned that said real estate could not be divided, and valued the same at $70,000. William Neel, one of the heirs, took the property at this valuation, he owning all the other shares, except that of Dorcas Colvin, and entered into a recognisance conditioned for the payment to Lessing S. Colvin, the heir of Dorcas Colvin, of the sum of $1750, payable on June 20th 1878, with interest from October 13th 1865, semi-annually. These payments were regularly made until the death of Colvin, in 1874. In 1878, the administrator of Colvin, proceeding under the Act of May 17th 1866, Pamph. L. 1096, 2 Purd. Dig. 1111, pl. 55, 56, entitled "An act enlarging the powers of the Orphans' Court so as to discharge liens upon real estate," petitioned the Orphans' Court, averring that the interest on the share of said Colvin, which had accrued since April 13th 1874, and the principal, which was due June 20th 1878, had not been paid, and prayed the court for a citation on said Neel, to show cause why the said charge upon his real estate should not be paid. The citation issued and was duly served, and Neel not appearing, nor making answer, the court (Hawkins, P. J.), on the 7th of September 1878, entered a decree against him for $2203.83, and in default of payment within thirty days, directed that execution should issue for the payment of the sum so charged out of the said real estate of the said William Neel.

From this decree this appeal was taken.

*R. & S. Woods*, for appellant.—The recognisances for owelty of partition are taken and payable out of the goods and chattels, lands and tenements of the parties giving the same, and are a lien on all their lands and tenements, and the practice has been almost exclusively to issue a scire facias on said recognisances in the Court of Common Pleas, where the defendant, in case of any dispute about the payment of the same, could have the question tried by a jury, and the plaintiff, on obtaining judgment, issue execution, after first exhausting the defendant's personal property, could levy upon not only the land taken at the valuation, but also all other lands in the county, owned by the defendant, as also all lands owned by them at the time of issuing executions. If this Act of 1866 gives the Orphans' Court the power to collect all liens, the remedies in the other courts are all destroyed.

*J. M. Acheson* appeared for appellee, but was not heard by the court.

The judgment of the Supreme Court was entered, November 25th 1878,

PER CURIAM.—The Orphans' Court had jurisdiction of this proceeding under the Act of 17th May 1866, 2 Br. Dig. 1111, pl. 55, 56. The owelty in the partition was charged upon the real estate accepted by the appellant; and the charge thus made fell within the terms of the law. If the petitioner chose to pursue this remedy, it was open to him; and he was not bound to sue upon the recognisance. There is nothing in the Act of 1866 which excludes a resort to the other remedies pre-existing for the recovery of the sum charged. When the purpose is to reach the bail in the recognisance, the party to whom the money is due may pursue his remedy by scire facias or debt on the recognisance. The remedy in the Orphans' Court is full and ample, under the provision of the Act of 1832, jurisdiction having attached under the Act of 1866; but it is not exclusive.

> Decree affirmed, with costs to be paid by the appellant, and the appeal is dismissed