# Cella's Estate.

*Deeds—Equitable liens—Charge on land.*

Although equitable liens are not favored by our law, yet parties may create by clear and express words in deeds of conveyance liens upon lands either for purchase money or for performance of collateral conditions which will be binding between themselves and their privies, and such liens will be divested by subsequent sheriff's sales unless they are in the nature of testamentary provisions for wives and children, or are not capable of valuation, or are expressly created to run with the land.

*Partition—Owelty—Charge on land—Discharge by sheriff's sale.*

Where parties in partition sign and file of record an agreement by which it is provided that owelty on a purpart shall remain a lien on the purpart until fully paid, and the final decree in partition conforms to this agreement, the agreement and the decree of the court is equivalent to a grant by deed, and if the purpart is subsequently sold at sheriff's sale before the owelty has been paid or secured by recognizance, the owelty is not discharged by the sheriff's sale, and the purchaser at the sheriff's sale may be ruled to pay it.

Argued April 8, 1901.  Appeal, No. 4, April T., 1901, by James A. Wakefield, from decree of O. C. Allegheny Co., March T., 1899, No. 4, directing payment of owelty in the estate of Louis Cella, deceased.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Petition for a decree to have owelty paid.

From the record it appeared that in partition proceedings in the estate of Louis Cella, deceased, the parties in interest entered into an agreement in writing to divide among themselves the purpart specified in the return of the sheriff's inquest. They also agreed that certain of the purpart should be charged with owelty.  Purpart H was alloted to John H. Cella charged with certain owelties.  The agreement above referred to contained this clause:

" The said several payments to be made to the parties entitled thereto within six months from the date of the final decree of this honorable court, with interest thereon, and that the same shall remain a lien upon the respective shares or purparts of the parties until the same shall be fully paid and discharged."

The agreement also provided for releases to be given upon payment of the owelties.

The court made a decree in accordance with the agreement of the parties.

Prior to the partition a judgment had been recovered against John J. Cella, which judgment became a lien against purpart H, when it was allotted to him.

In October, 1899, purpart H was sold by the sheriff on this judgment, and the price realized was insufficient to pay the owelties, which were not then due.

Upon the falling due of the owelties, according to the terms of the articles of agreement between the heirs, demand was made upon F. W. Kreps, the purchaser at the sheriff's sale referred to, for payment. Mr. Kreps refused to pay, alleging that the owelties were divested by the sheriff's sale. Whereupon, Louis Cella, Jr., and Andrew Cella presented a petition to the orphans' court, praying for a decree that their owelties be paid out of purpart H, notwithstanding the sheriff's sale, and making Mr. Kreps, J. A. Wakefield, Esq., and John J. Cella, parties respondent.

The court entered the following decree:

And now, to wit: April 5, 1900, this cause came on to be heard before the court upon the petition of Louis Cella, Jr., and Andrew Cella, the answers thereto, replication and rejoinder, testimony taken and argument of counsel thereon, and upon consideration thereof it is ordered, adjudged and decreed that there is due the said Louis Cella, Jr., the sum of $359.74, with interest thereon from June 21, 1899, and to Andrew Cella the sum of $367.44, with interest thereon from June 21, 1899, being the owelty charged on purpart H (and payable to them), allotted to John J. Cella in the matter of the partition of the estate of Louis Cella, deceased, at No. 4, March term, 1899, of this court; and that unless the said sums and costs of this proceeding be paid to the parties entitled thereto within twenty days from the date of this decree, a writ of levari facias shall issue for the collection of said owelty and costs out of said purpart H.

*Error assigned* was the decree of the court.

*S. S. Roberston*, with him *J. A. Wakefield*, for appellant.—
The lien was discharged by the sheriff's sale: Helfrich v.
Weaver, 61 Pa. 385; Cowden's Est., 1 Pa. 267; Dewalt's
App., 20 Pa. 236; Stewartson v. Watts, 8 Watts, 392.

*E. Payton Wright*, for appellees, cited: Riddle's App., 37
Pa. 177; Neel's App., 88 Pa. 94; Robisson v. Miller, 158 Pa.
177; McCandless's App., 98 Pa. 494.

OPINION BY ORLADY, J., July 25, 1901:

The sum of the authorities is, that, although equitable liens
are not favored by our law, yet parties may create by clear and
express words in deeds of conveyance liens upon lands either
for purchase money or for performance of collateral conditions
which will be binding between themselves and their privies,
and that such liens will be divested by subsequent sheriff's
sales unless they are in the nature of testamentary provisions
for wives and children, or are not capable of valuation, or are
expressly created to run with the land: Hiester v. Green, 48
Pa. 97; Bonebrake v. Summers, 193 Pa. 25.

The allotment of John J. Cella of the purport in the lands
of his deceased father was subject to owelty, inter alia, to Louis
Cella, Jr., $359.74 and to Andrew Cella, $367.44 with interest
from June 21, 1899. The title of John J. Cella was derived
through an agreement in writing filed in court and signed by
all the parties in interest, in which it was provided that the
owelty "shall remain a lien upon the respective share or pur-
parts of the parties liable until the same shall be fully paid and
discharged." In the final decree by which the partition proceed-
ings were approved, ratified and confirmed, and the several pur-
parts set apart and alloted in severalty, the condition was incor-
porated as follows : "Subject to the payment of the sums charged
as owelty thereon, and which shall be and remain a lien thereon
until fully paid and discharged." The title so founded in an
agreement and decree of court is equivalent to a grant by deed.
The owelty so charged on the land did not become due under
the decree until December 21, 1899, and until maturity the par-
ties entitled could not proceed to enforce its payment. In Oc-
tober this purpart was sold at a sheriff's sale on a judgment ob-
tained against John J. Cella prior to the partition proceedings

for the sum of $583, which was applied to the payment of costs and taxes. The holder of the title secured through the sale by the sheriff contends that the lien of the owelty was divested by the sheriff's sale. From the record of the partition proceedings, " it is plain, from the agreement of the parties, that the incumbrance was to run with the land." The proceeding was instituted by one of the heirs, and after an inquest was had by the sheriff and a jury, all the heirs of Louis Cella joined in a petition praying ratification and confirmation of the inquest, the allotment of purparts, and the fixing of owelties. This record was known by the real purchaser of the title of John J. Cella at the sheriff's sale, and he had both actual and constructive notice that John J. Cella had not given any recognizance since none was required by the decree in partition, and hence he had but an equitable title to the purpart allotted to him. He also knew that the owelty was secured to the allottees solely through the agreement of the parties in interest, all of which was incorporated in the decree confirming the proceedings.

This equitable title could only mature into a legal one upon the payment of the owelty charged upon the land, and the purchaser at the sheriff's sale occupies the same position as the defendant in the execution who had neither paid nor secured the other heirs their owelty: Robisson v. Miller, 158 Pa. 183. The two parties interested in the payment of owelty charged upon, and liened against this purpart, presented their petition for a rule to show cause on John J. Cella and on the parties claiming title through the sheriff's sale why the money charged upon and payable out of the purpart should not be paid. This was made absolute by the orphans' court, which practice is fully warranted by Neel's Appeal, 88 Pa. 94.

The decree is affirmed.