# Philadelphia *v.* Unknown.

*Tax sales—Redemption—Right to redeem—Interest in real estate.*

The right to redeem land sold for taxes, vested in a dissolved corporation, is an interest in real estate which may be sold by a trustee appointed by the court under the Act of April 15, 1891, P. L. 15, to sell the property of such a corporation.

Argued Dec. 13, 1905. Appeal, No. 204, Oct. T., 1905, by Francis R. Dever, from order of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 1,744, M. L. D., making absolute rule to convey real estate in case of City of Philadelphia v. Unknown. Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to compel reconveyance of real estate. Before WILLSON, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the action of the court in making the rule absolute.

*William W. Porter,* with him *Maxwell Stevenson,* for appellant.—The statutory right to redeem differs essentially from the equity of redemption proper. It exists only in such cases and in favor of such persons as are designated in the statute by which it is created: Read v. Dingess, 60 Fed. Repr. 21; Gault's App., 33 Pa. 94; Orr v. Cunningham, 4 W. & S. 294; Shearer v. Woodburn, 10 Pa. 511.

The right to redeem is for the benefit of the owner at the time of sale and no other, and was never intended to aid a speculator. A redemption operates merely to annul the tax

sale and reinvest the title in the original owner just as if the tax sale had never been made : Yocum v. Zahner, 162 Pa. 468.

*Joseph R. Embery,* for appellee.—The right to redeem may be assigned: Gault's App., 33 Pa. 94; Patterson v. Brindle, 9 Watts, 98 ; Dubois v. Hepburn, 35 U. S. 1 ; Orr v. Cunningham, 4 W. & S. 294; Shearer v. Woodburn, 10 Pa. 511 ; Wistar's Est., 6 Phila. 55 ; McCord v. Bergautz, 7 Watts, 487 ; McBride v. Hoey, 2 Watts, 436 ; Coxe v. Sartwell, 21 Pa. 480.

OPINION BY BEAVER, J., March 12, 1906 :

The appellant was the purchaser at sheriff's sale of a lot of ground on the north side of Spruce street in the 27th ward of the city of Philadelphia, specifically described in the petition of Fergus F. MacWilkie, the appellee, for a rule upon the appellant, Frances R. Dever, " to show cause why she shall not reconvey to him the premises sold as aforesaid." A rule was granted upon the appellant, June 26, 1905.

From the undisputed facts stated in the petition and the testimony taken under the rule, it appeared that the sheriff's sale was had for delinquent taxes, under the provisions of the Act of April 19, 1883, P. L. 9, the sale having been made July 6, 1903, and the sheriff's deed therefor acknowledged July 27, 1903. MacWilkie, the petitioner, was the purchaser at a sale made by a trustee appointed by the court of common pleas No. 1, to make sale of certain real estate which had been the property of the West End Land Association, which at the time of the expiration of its charter was the owner of certain real estate sold for taxes, the right of redemption not having expired.

The proceedings under which the trustee was appointed and the sale made were all in evidence and, on their face, would seem to be regular. The land described in the petition was No 11 in the deed from the trustee to the petitioner, which was conveyed to him in the said deed " together with the exclusive right to redeem the whole of the said lots Nos. 11, 12, 13 and 14, being the last four lots or pieces of ground above described and granted ; and " Together with . . . . all the estate, right, title, interest, property, claim and demand whatsoever of the said West End Land Association, and of him,

the said Howard A. Davis, trustee as aforesaid, in law, equity or otherwise howsoever, of, in and to the same, and every part thereof."

It is clear, therefore, if the proceedings were authorized and regular, that whatever interest the said West End Land Association had in the property sold by the trustee passed, under the conveyance, to MacWilkie, the purchaser.

The only error assigned is "that the learned court below erred in making absolute the rule taken upon appellant to show cause why she should not convey to the petitioner for the rule the premises described in his said petition." The numbered assignments differ only in the reasons upon which the assignment is based. These reasons may be considered in their order.

1. The appellant claims that the right of the delinquent · owner, the said West End Land Association, to redeem the said premises is a personal right which could not be assigned to the petitioner. Why not? The right to redeem is an interest in real estate. In fact, although the conveyance of the sheriff would appear to be, like the conveyance of a treasurer at a treasurer's sale for taxes upon unseated lands, a conveyance of the legal title, it becomes complete and operative against the owner only after the right of redemption has passed by lapse of time. The analogy between this sale and that of a treasurer, of unseated lands, is striking and, as to the latter, the law is well settled. "A treasurer's sale vests immediately an inchoate title in the purchaser which becomes absolute on the expiration of the time for redemption:" 20 P. & L. Dig. of Dec. 36,049.

"The act of redeeming land from a tax sale operates to set aside or annul the sale, and leaves the title precisely as though the sale had not been made:" Yocum v. Zahner, 162 Pa. 468.

"The owner of land which has been sold for taxes has a perfectly legal and an efficient means of becoming the absolute owner by redemption, within the time prescribed by law:" Ley v. Huber, 3 Watts, 367.

In Shalemiller v. McCarty, 55 Pa. 186, it was decided that "A purchaser at treasurer's sale takes by his deed but an inchoate title, requiring two years to become absolute. His only certain interest is in the money paid and the twenty-five per

cent on redemption.   He is not invested with any title whatever to the land, because the owner's title is not divested.   The incidents of title remain in the owner and enable him on his constructive possession to maintain trespass.   Unseated land was sold for taxes.   The purchaser entered before the two years had expired and cut timber.   The owner brought suit before he had redeemed : Held, that he might recover."

Whilst, in Church v. Riddle, 6 W. & S. 509, Mr. Justice HUSTON said that the fee simple was in the purchaser at tax sale, there was, nevertheless, a right of redemption remaining in the representatives of the former owner which could be levied on and conveyed to a purchaser at sheriff's sale.   This case is not, therefore, inconsistent with the uniform ruling in other cases.

In Gault's Appeal, 33 Pa. 94, in the construction of the Act of May 13, 1856, P. L. 567, which was an act granting a right of redemption within a certain time in sales made by the sheriff upon municipal liens, the Supreme Court carefully considered this entire question, and, in discussing its provisions, said : " The right of the government to authorize the seizure and sale of land without notice to the owner was seriously doubted, and sometimes stoutly denied, in the early history of tax sales in Pennsylvania ; and the only ground on which it can be maintained is the absolute sovereignty of the state in the exercise of its taxing power.

" But it is a severe exercise of power.   To divest ownership, without personal notice, and without direct compensation, is the instance in which a constitutional government approaches most near to an unrestrained tyranny.   Whatever tends to modify this right is favorable to the citizen, and ought to be liberally construed, on the principle that remedial statutes are to be beneficially expounded.

" Redemption is the last chance of the citizen to recover his rights of property, and yet it is here, at the point of the owner's extremity, the appellant's argument would have us apply strictness of construction to a statute made for the owner's relief. The owner may redeem, says the statute ; but, says the appellant, those who offered to redeem on September 15, 1858, were not owners at the time of the sale, but became owners afterward."

Whilst these decisions are not directly in point as to the construction to be given to the act of assembly governing the sheriff's sale for delinquent taxes in this case, they are, nevertheless, conclusive as to what the interest of the owner is after the tax sale, and in this respect we see no difference whatever between a sale for taxes on unseated land, by a treasurer, and the sale for delinquent taxes by the sheriff under the provisions of the act in question.

The right of the owner, delinquent although he may have been, to convey this interest in the real estate, grows out of and is an inseparable part of the ownership, and the failure of the legislature to insert the words "his heirs or assigns" cannot be construed into an attempt to deprive him of the right, which is absolute. Surely, if the owner had been a natural person and had died, the right of redemption could not be denied to his heirs. In what respect, therefore, does the case of an artificial person, whose corporate existence ceases by reason of lapse of time, differ, if a conveyance has been made by the proper person, acting under proper authority, in a proper manner?

2. This raises the question argued by the appellant under the provisions of the Act of April 15, 1891, P. L. 15. This act, which is an amendment of the Act of June 25, 1885, P. L. 178, provides that: Whenever a corporation has been dissolved, "whether by decree of court, expiration of time or otherwise, owning land or other real estate within this commonwealth, it shall and may be lawful for the court of common pleas of the county wherein the real estate is or shall be located, upon the petition of any one or more of the shareholders or corporators, or their legal representatives, and personal notice to and service upon all known parties in interest, whose places of residence are known, and such further notice, by advertisement, to others interested, as the court may direct, if no reasonable and sufficient cause be shown to the contrary, to authorize the sale of such real estate in fee simple, at either public or private sale, on such terms as the court may designate, by a trustee to be appointed for that purpose," etc. If the defunct corporation had an interest in real estate, as we have shown it had, the trustee appointed by the court of common pleas No. 1, under the authority of the act just cited, undoubtedly had

the right to convey that interest, whatever it was, to the petitioner.

3. The manner in which the trustee discharged his duties would seem, upon an examination of the proceedings which are set forth in the testimony supporting the rule, to have been in conformity to the requirements of the act referred to, and this would seem to meet the objection in the fourth assignment, that the petitioner had failed to prove, in support of his rule, any of the facts necessary to establish his right to redeem, as required by the act of April 19, 1883, supra. The whole argument of the appellant practically rests upon the assumption that the right to redeem was a personal privilege and not an interest in real estate, and this is the fallacy of her position. It was not merely a personal privilege which could not be assigned, but it was an actual interest in the land which had not been divested by the sale and could not be until the time for redemption had passed.

The ability and earnestness with which the argument for the appellant has been pressed upon us has led us to devote considerable time to the study of the principles involved in this case and their discussion herein, but after a full consideration of the case we have no doubt as to the correctness of the order of the court, making absolute the rule to show cause.

The decree of the court below is affirmed and the appeal dismissed at the costs of the appellant.