## Easton v. Sulkin et ux.

*Newton R. Turner*, city solicitor, for plaintiff; *Israel Krohn*, for defendants.

STEWART, P. J., January 2, 1933.—This was a citation issued to the defendants, commanding them to show cause, if any they have, why possession of certain premises should not be delivered to the plaintiff. The proceeding is under the Act of April 20, 1905, P. L. 239, entitled "An Act Providing for and defining the rights, remedies, duties, and liabilities of purchasers of real estate at judicial sales, and of their grantees, heirs and devisees, and of the persons then in possession thereof." The petition alleged that the plaintiff became the purchaser of the premises occupied by the defendants at a sheriff's sale upon a writ of lev. fa.; that a sheriff's deed, dated and acknowledged on September 22, 1932, was given to the plaintiff; that the defendants were duly notified to deliver up possession of the premises; and that they refused to do so.

To this petition the defendants filed an answer wherein they admitted the facts above set out; answered that they were husband and wife, dwelling in the premises sold; and that they were entitled to redeem the premises for a period of 2 years from the date of the sheriff's sale (evidently an error, for the brief of defendants' counsel sets forth correctly that the period is 1 year) ; and for further answer, they averred that the judgment obtained was not correct; and that it included taxes and costs which had been paid; and they further answered that the court had no jurisdiction of this proceeding; and that the plaintiff should bring an action of ejectment.

A reading of the Act of 1905, supra, shows that if this case were ripe for the application of the provisions of the act, it would apply. The court has jurisdiction of the proceedings. The procedure adopted is also proper, and the case is before the court for decision upon the pleadings. In Spang v. Mattes, Executrix, 253 Pa. 101, the syllabus is: "Where in proceedings under the Act of April 20, 1905, P. L. 239, to obtain possession of real estate purchased by the petitioner at a sheriff's sale, defendant's answer does not controvert any of the facts averred in the petition, but alleges new matter as a defense, and the plaintiff orders the case for hearing on the pleadings, the court may properly determine the case thereupon without ordering a jury trial."

It is also very certain that the judgment obtained cannot be attacked in this proceeding. In Cadmus v. Jackson, 52 Pa. 295, the syllabus is: "The validity of a sale of land on a judgment for taxes, cannot be impeached by evidence that the taxes had been paid before the rendition of the judgment." See also Soullier et al. v. Kern, 69 Pa. 16, Buckley v. Buckley, 277 Pa. 215, and Carless et al. v. McCloskey, 90 Pa. Superior Ct. 209.

In First National Bank of Wrightsville et al. v. Dissinger et al., 266 Pa. 349, the syllabus is: "Defendants in a proceeding to recover possession of real estate sold at judicial sale, cannot again raise the questions which were adjudicated in the proceedings under which the sale was had."

It must also be noticed that under the last clause of section 31 of the Act of May 16, 1923, P. L. 207, it is provided: "Upon the delivery by the sheriff of a deed for any property sold under a tax or municipal claim, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive as to all matters of defense which could have been raised in the proceeding, including payment, and no error or irregularity in obtaining or entering of such judgment shall affect the validity thereof."

The most serious matter is defendants' allegation that the plaintiff is not entitled to possession of the premises and that they have a year to redeem. Section 32 of the act just quoted provides as follows: "The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether [or] not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments."

The petition gives the date of acknowledgment of the sheriff's deed as September 22, 1932. The 1 year will not expire until September 22, 1933. The

present petition specifically asks that the defendants be compelled to deliver up possession of the real estate at once. While the act just cited says nothing about the possession, yet it has been decided time and time again under very similar acts that the party who is entitled to redeem is entitled to possession during the period allowed him for redemption. In Gault's Appeal, 33 Pa. 94, the syllabus is: "The Act 13th May 1856, giving the owners of lots in Philadelphia, two years to redeem from sales for municipal claims, is to be liberally construed in favour of the right of redemption. It applies to cases of sales made before its passage, but in which no deeds had then been executed to the purchasers.

"Such sale leaves in the owner an equity of redemption, and his grantee may redeem the land.

"And such redemption is not defeated by a conveyance from the purchaser at the sheriff's sale. The grantee of such purchaser takes a defeasible title, liable to be defeated by a redemption within the period prescribed by the statute."

At page 98 Mr. Justice Woodward said: "Redemption is the last chance of the citizen to recover his rights of property, and yet, it is here, at the point of the owner's extremity, the appellant's argument would have us apply strictness of construction to a statute made for the owner's relief. The *owner* may redeem, says the statute: but, says the appellant, those who offered to redeem on the 15th September 1858 were not owners at the time of the sale, but became owners afterward.

"The *purchaser shall reconvey*, says the statute; but the appellant points to the fact, that Raimond was the purchaser at the sheriff's sale, and conveyed to him, Gault, who is not the purchaser within the meaning of the statute, and therefore not subject to a decree to reconvey. The act applies to sales by *the City*, and the appellant says this was a sale by the district of Penn.

"Now, however, we might be disposed to lay hold of such criticisms to prevent the operation of a statute which proposed to *divest* titles, they are not to arrest a statute which has for its object the *restoration* of a title to the real owner. This would be hypercriticism in the wrong direction. We hold him to be an owner within the statute who is such when he offers to redeem. The sale left in the former owner an equity of redemption at the least, and that might be conveyed like any other estate, and the grantee took it with all the rights and capacities of the grantor. He is therefore the 'owner' who hold the title at the moment of redemption."

In Shalemiller v. McCarty et al., 55 Pa. 186, Mr. Justice Thompson said: "The uniform understanding and belief of the profession and people of this Commonwealth, for over half a century, has been, that a purchaser of unseated lands for taxes, when he receives his deed, takes but an inchoate or inceptive title, which requires the lapse of two years from the date of sale to ripen into an absolute title. This it will do if the land be not redeemed in the mean time. The only certain interest the buyer has up to that time, by virtue of his purchase, is in the money paid, and 25 per cent. on that amount on redemption.

"He is not invested with any title to the land whatever, because the owner's title is not divested: [Lightner v. Mooney] 10 Watts [407] 412; [Church v. Riddle] 6 W. & S. 509; [Cox v. Wolcott et al., 27 Pa.] 3 Casey 154; [Gault's Appeal, 33 Pa.] 9 Id. [94] 98. If the owner's title be not divested, the incidents of title remain, one of which is, in the absence of actual possession, to draw the possession to the title, and to enable the owner, upon his constructive possession, to maintain trespass. This exists up to the last moment before the two years have closed in. After that, and not before, is his title divested, if he do not

redeem. Up to that time he would not be a trespasser by entering on the land and cutting timber, or doing any other act affecting the freehold. This is by reason of title. And for the same reason, he may bring suit against a trespasser on the lands, any time within the two years, without redeeming." See also Woodland Oil Co. vs. Shoup, 107 Pa. 293, and Kunes et al. v. McCloskey et al., 115 Pa. 461.

In City of Philadelphia, to use, v. Woodside, 10 D. & C. 565, the syllabus is: "Under the Municipal Claim Law of June 4, 1901, P. L. 364, the purchaser at the sheriff's sale, on a lien for water-pipe, is not invested with any title to the land, and the owner's title is not divested by the sale.

"In such case, the purchaser takes only an inchoate title which requires the lapse of a year from the date of the sheriff's sale to ripen into an absolute title.

"If, before the expiration of the year, the owner seeks to redeem the property, the purchaser, upon payment of the amount which the sheriff received, must release his claim of title." This last contention as to the right to redeem, precludes delivery of possession. We have not discussed the appointment of a sequestrator for the reason that the act itself does not contemplate the appointment of a sequestrator after a sheriff's sale.

And now, January 2, 1933, rule discharged at the costs of the petitioner.

From Henry D. Maxwell, Easton, Pa.