## C. B. Howard Company v. Caton

*Johnson & McNarney*, for plaintiff.
*Edwin W. Tompkins*, for defendant.

BAIRD, P. J., May 20, 1935.—By virtue of a power of attorney contained in an agreement for the sale of land between the plaintiff as vendor and the defendant as vendee, an amicable action of ejectment was entered and judgment confessed for the land therein described. Upon petition of the defendant, a rule on the plaintiff to show cause why the judgment should not be opened and the defendant let into a defense, was granted, and an order made staying proceedings.

On September 19, 1932, the land in question, inter alia, was sold by the county treasurer for the nonpayment of taxes.

On August 21, 1934, a judgment was entered in favor of Mark B. Howard as plaintiff and against the C. B. Howard Company, plaintiff in this action, as defendant.

On September 1, 1934, Mark B. Howard, judgment creditor of the plaintiff, redeemed the land in question, inter alia, from the said treasurer's sale.

Counsel for the parties agree that the controlling question in the case is whether Mark B. Howard, who was not a judgment creditor of the plaintiff at the time of the treasurer's sale, but who became such during the period allowed for redemption, is such a lien creditor as entitled him to redeem.

The land in question was sold as seated land, and under the Act of May 29, 1931, P. L. 280, relating to delinquent taxes on seated land, it is provided in section 9 as follows:

"Any real estate sold under this act may be redeemed by the owner, his heirs or legal representatives, or by any lien creditor, or his heirs, assigns or legal representatives, or by anyone interested in said real estate for the benefit of the owner thereof, at any time within two years after such sale, by the payment to the county treasurer of the full amount which the purchaser paid to said treasurer for taxes, interest, and costs, and twenty-five per centum of the amount of tax in addition thereto."

While there may be no cases bearing directly on the question in suit, there are analogous cases from which satisfactory conclusions may be drawn.

Under the Act of May 13, 1856, P. L. 567, sec. 11, giving the owners of lots of Philadelphia two years to redeem from sales for registered taxes, municipal liens, etc., it was held in Gault's Appeal, 33 Pa. 94, that the act was to be construed liberally in favor of the right of redemption. In that case the Supreme Court said, at page 98:

"Redemption is the last chance of the citizen to recover his rights of property, and yet, it is here, at the point of the owner's extremity, the appellant's argument would have us apply strictness of construction to a statute made for the owner's relief. The *owner* may redeem,

says the statute: but, says the appellant, those who offered to redeem on the 15th September 1858 were not owners at the time of the sale, but became owners afterward." The Court also said:

"We hold him to be an owner within the statute who is such when he offers to redeem. The sale left in the former owner an equity of redemption at the least, and that might be conveyed like any other estate, and the grantee took it with all the rights and capacities of the grantor. He is therefore the 'owner' who holds the title at the moment of redemption."

And in Philadelphia v. Unknown, 30 Pa. Superior Ct. 516, 518, the court said: "The appellant claims that the right of the delinquent owner, the said West End Land Association, to redeem the said premises is a personal right which could not be assigned to the petitioner. Why not? The right to redeem is an interest in real estate."

In Shalemiller v. McCarty et al., 55 Pa. 186, it was held that a purchaser at treasurer's sale takes by his deed but an inchoate title, requiring 2 years to become absolute, and that the incidents of title remain in the owner. Among the incidents of title is the subjection of the land of the owner to the lien of a judgment entered against him.

The act of redeeming land from a tax sale operates to set aside or annul the sale and leaves the title precisely as though the sale had never been made: Yocum v. Zahner, 162 Pa. 468.

Inasmuch as under the Act of 1931, supra, any real estate sold thereunder, may be redeemed by any lien creditor, and as such redemption is for the benefit of the owner, there is no reason why one who becomes a lien creditor during the period allowed for redemption should not have the same right to redeem as one who became the owner during such period.

Now, May 20, 1935, the rule to show cause is discharged, and the order staying proceedings is revoked.