## Olshefskie v. Budock et al.

*John L. Pipa, Jr.,* for plaintiff.
*J. Mettler Pensyl,* for defendants.

CUMMINGS, J., May 19, 1941.—On petition of Peter Olshefskie, plaintiff, a citation was issued by the Court of Common Pleas of Northumberland County, January 27, 1941, returnable after the expiration of 15 days from service thereof, on defendants to show cause why the real estate referred to in the petition should not be delivered to petitioner. . . .

The following questions are raised by the petition and answer:

1. Is the purchaser of property sold by the county treasurer, pursuant to the Act of May 29, 1931, P. L. 280, as amended, and who has received a treasurer's deed, entitled to immediate possession of said premises?

2. Can the provisions of the Act of April 20, 1905, P. L. 239, be invoked for the purpose of obtaining possession?

3. Is the purchaser of property sold by the treasurer for taxes, under the Act of 1931, supra, entitled to immediate possession?

The petition does not set out under which act of assembly it is brought. However, in the brief filed by counsel for petitioner, it is admitted it is based on the Act of April 20, 1905, P. L. 239.

The first section of this act provides:

"Be it enacted, etc., That purchasers at judicial sales of real estate in this Commonwealth, and grantees, heirs, and devisees thereof, after confirmation of such sales where required, and after the execution, acknowledgment and delivery of the deeds therefor, may present a petition, under oath or affirmation, to the court out of which was issued the writ of execution or order by virtue of which said sale was had, except in case of testatum writs, and then to the court of common pleas of the county in which the land is situate. . . .

"(c) If the persons in possession be other than the defendants in the execution or order of sale, the petitioner's brief of title of said real estate, commencing at a point covering the title, if any, by right of which the persons in possession claim to retain such possession."

From a reading of the sections above referred to, it is plain that this act of assembly has no application whatsoever to treasurers' sales for taxes. The act of assembly requires the report of a treasurer's sale for taxes to be approved by the court, and, therefore, it is a judicial sale, yet it does not come within the provisions of the Act of 1905, above referred to, because no "writ" of execution or order by virtue of which said sale was had is required or indulged in by treasurer's sale for delinquent taxes. Likewise, subsection (c) of the act refers to an execution and order of sale. It is plain this act of assembly has no application to a treasurer's sale for delinquent taxes.

The Act of 1931, and the amendments thereto, are silent relative to the time when the purchaser is entitled

to possession. However, section 12 of the Act of 1931, para. 3, after providing for the treasurer's report, confirmation of sale by the court, and for objections and exceptions, and appeal, further provides:

". . . such sale, after the period of redemption shall be terminated, shall be deemed to pass a good and valid title to the purchaser as against the person or persons in whose name such property was sold; provided, the purchaser has filed the bond for surplus moneys as hereinafter provided."

By inference, the act did not intend to pass a good and valid title until after the period of redemption terminated, which under the act of assembly is two years from the time of sale. There being nothing referring to possession in the act under which the sale was held we must look beyond this act.

While the act provides the treasurer shall give the purchaser a "fee simple" deed, the word "simple" adds no meaning to the word "fee" standing alone, but it excludes all qualification or restriction as to the persons who may inherit it as heirs, thus distinguishing it from a fee-tail, as well as from an estate which, though inheritable, is subject to conditions or collateral determination. It is the largest possible estate which a man can have, being an absolute estate: Bouvier's Law Dictionary.

Under the Act of 1931, although it provides for the delivery of a fee simple deed to the purchaser, it likewise provides his title is a defeasible one—it may be defeated by the payment to the purchaser, within a period of two years, of the taxes and interest for which the land was sold and the costs, and an additional sum of 25 percent (since reduced to 15 percent) and any taxes which may have been levied against any such property since the treasurer's sale, which remain unpaid by the owner or redeemer to the county treasurer.

If the position of petitioner were correct, the purchaser at the treasurer's sale, upon taking possession, would re-

ceive not only the benefits which might be derived from the property during the two-year redemption period, but would likewise, upon redemption, be entitled to interest in the sum of 15 percent, or 7½ percent per year on his investment. It was never intended by the legislature that such a ridiculous situation should prevail.

In Easton v. Sulkin et ux., 19 D. & C. 152, with which decision we are in accord, the court said:

"The petition gives the date of acknowledgment of the sheriff's deed as September 22, 1932. The 1 year will not expire until September 22, 1933. The present petition specifically asks that the defendants be compelled to deliver up possession of the real estate at once. While the act just cited says nothing about the possession, yet it has been decided time and time again under very similar acts that the party who is entitled to redeem is entitled to possession during the period allowed him for redemption. In Gault's Appeal, 33 Pa. 94, the syllabus is: 'The Act 13th May, 1856, giving the owners of lots in Philadelphia, two years to redeem from sales for municipal claims, is to be liberally construed in favor of the right of redemption. It applies to cases of sales made before its passage, but in which no deeds had then been executed to the purchasers.' . . .

"In Shalemiller v. McCarty et al., 55 Pa. 186, Mr. Justice Thompson said: 'The uniform understanding and belief of the profession and people of this Commonwealth, for over half a century, has been, that a purchaser of unseated lands for taxes, when he receives his deed, takes but an inchoate or inceptive title, which requires the lapse of two years from the date of sale to ripen into an absolute title. . . . This it will do if the land be not redeemed in the mean time. The only certain interest the buyer has up to that time, by virtue of his purchase, is in the money paid, and 25 per cent. on that amount on redemption.

" 'He is not invested with any title to the land whatever, because the owner's title is not divested: [Lightner v. Mooney] 10 Watts [407,] 412; [Church v. Riddle] 6 W. & S. 509; [Cox v. Wolcott et al., 27 Pa.] 3 Casey 154; [Gault's Appeal, 33 Pa.] 9 Id. [94] 98. If the owner's title be not divested, the incidents of title remain, one of which is, in the absence of actual possession, to draw the possession to the title, and to enable the owner, upon his constructive possession, to maintain trespass. This exists up to the last moment before the two years have closed in. After that, and not before, is his title divested, if he does not redeem. Up to that time he would not be a trespasser by entering on the land and cutting timber, or doing any other act affecting the freehold. This is by reason of title. And for the same reason, he may bring suit against a trespasser on the lands, any time within the two years, without redeeming.' See also Woodland Oil Co. v. Shoup, 107 Pa. 293, and Kunes et al. v. Mc-Closkey et al., 115 Pa. 461."

If the purchaser at a treasurer's sale is entitled to immediate possession he could, on receiving possession of the property, destroy the buildings thereon, cut the timber from off the lands; the owner during the period of redemption, if the theory of plaintiff is correct, would have no right to restrain plaintiff from so doing, the result being that if he should redeem his property within the two years the value of same could be materially reduced. In addition to the destruction of the property, plaintiff would receive from the owner the return of his money, together with 15 percent. The court, therefore, holds:

1. The Act of 1905, supra, has no application to treasurers' sales for taxes;

2. Even though it applied, plaintiff is not entitled to possession of the premises until after the expiration of the two-year redemption period.

## Order

Now, to wit, May 19, 1941, for the above reasons the citation granted in this case is dismissed, at the cost of petitioner.