## Knupp v. Knupp et al.

*Paul L. Hutchison,* for plaintiff.
*Joseph Nissley,* for terre-tenant.

RUPP, J., August 27, 1945.—The plaintiff recovered and entered a judgment against the defendant, Mary A. Knupp, since deceased. We now have before us a writ of scire facias brought by him against her heirs at law to show cause why he should not have execution against certain land allegedly belonging to her at the time of the entry of the judgment.

The answer of Roy D. Knupp, one of the heirs named, avers that he holds title to the property free of the lien of the above judgment.

The stipulated facts indicate that:

On August 1, 1940, the land in question was owned by Mary A. Knupp. On that date it was purchased by the county commissioners at a county treasurer's sale for unpaid 1934 taxes, held pursuant to the authority contained in the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971(a) et seq. The validity of the sale is not questioned.

The property was not redeemed during the two-year period provided by section 9 of the aforesaid act, as amended by the Act of June 20, 1939, P. L. 498, sec. 5, 72 PS §5971(i). However, it was during that period, to wit, on December 24, 1940, that the plaintiff entered the judgment against Mary A. Knupp. Also, during that interim, on November 26, 1941, Mary A. Knupp conveyed the property to Roy D. Knupp.

At the end of the redemption period, a deed for the property was delivered to the county commissioners and duly recorded. Thereafter, on July 7, 1943, Roy D. Knupp, having paid all back taxes and costs, was assigned the deed by the commissioners.

The plaintiff advances the following reasons in support of his position:

1. After the tax sale, Mary A. Knupp retained title to the property; therefore, when the judgment was entered against her it became a lien on the real estate and Roy D. Knupp was conveyed the realty by Mary A. Knupp, and still retains it, subject to that lien.

It is well established that the purchaser at a county treasurer's sale for delinquent taxes takes but an inchoate title which becomes absolute if the land is not redeemed in two years: Shalemiller v. McCarty et al., 55 Pa. 186 (1867); Sanner et al. v. Unique Lodge No. 3 Knights of Pythias of Rockwood, 349 Pa. 523 (1944)—and that the real estate purchased at such a sale is discharged from the lien of this type of judgment thereon at the expiration of the redemption period: Liberty Trust Company of Emporium et al. v. Emporium Land Co. et al., 25 D. & C. 619 (1936).

Hence, for our present purposes we are not concerned with the character or effect of the conveyance by Mary A. Knupp to Roy D. Knupp. In the absence of a redemption, at the end of the two-year period the county commissioners' title became absolute, free of the lien of the judgment.

As a judgment creditor of the owner of the land sold, the remedy of redemption was available to the plaintiff (section 9 of the act, supra), even though his claim was not reduced to judgment until after the sale: C. B. Howard Co. v. Caton, 23 D. & C. 256 (1935). The lien having been discharged by his failure to act, he cannot now be heard to complain.

2. The assignment of the deed by the commissioners to Roy D. Knupp after the payment of all back taxes and costs was a permissive redemption under section 1 of the Act of July 17, 1935, P. L. 1091, 72 PS §5879, by virtue of which Roy D. Knupp took title subject to the lien of the judgment.

The foregoing section provides as follows:

"In all cases where, heretofore or hereafter, real estate shall have been or shall be purchased at tax sale by a county, it shall be lawful for the county commissioners in their discretion, to permit a redemption of said real estate, or part thereof, so long as the title thereto remains in the county, notwithstanding the period during which the right of redemption existed shall have expired; provided all taxes with interest and costs due thereon, but less any penalties, shall be paid."

As the act clearly indicates, and as the term itself implies, one of the prerequisites of a "permissive redemption" is the expiration of the two-year redemption period established by the Act of 1931, supra. As we have indicated above, that same expiration gives the purchaser at a tax sale an absolute title and discharges the lien of the type of judgment here involved. It is too elementary to require discussion that the commissioners could pass, and a permissive redemptee could take, only

such title as the commissioners possessed at the time of the permissive redemption.

And now, August 27, 1945, the writ of scire facias is hereby dismissed.