162    468|
30 SC ³518|

# Yocum, Guardian of Levan, *v.* Zahner, Appellant.

*Waste—Remainderman—Action.*

The remedy for a remainderman on whose inheritance waste is being committed, is not in trespass, but in case, for the recovery of damages for the injury done to the freehold.

*Damages—Timber—Act of March 29, 1824.*

The act of March 29, 1824, 8 Sm. L. 283, providing for treble damages; for the unlawful cutting of timber, does not apply to a proceeding by a remainderman against the life tenant, and does not give a new action to the owner of timber which has been cut without his consent. It merely gives a new measure of damages in the common law actions of trespass and trover. Where these actions will not lie, the new measure of dam-, ages cannot be applied.

*Life estate—Tax sale—Title—Actions—Amendment—Practice.*

The act of redeeming land from a tax sale operates to set aside or annul the sale, and leaves the title precisely as though the sale had not been made. If the land is subject to a life estate, the life estate is revested in the life tenant, and the remainder in the remainderman.

A father had a life estate in land of which his minor daughter owned the fee. The land was sold for taxes, and purchased by the minor's grandfather, who held it for a time and then sold it. The purchaser stripped the land of its timber. The guardian then redeemed the land, whereupon the purchaser took a conveyance of the father's life estate. The guardian brought an action of trespass against the purchaser for the waste committed. *Held*, (1) that an action of trespass would not lie; (2) that the redemption did not carry both estates to the guardian when he redeemed the land; (3) that the judgment in the action of trespass should be reversed, but that the plaintiff should not be turned out of court, but should be permitted in the court below to so amend the form of action and the statement as to permit a trial of the case upon the merits.

*Judgment—Treble damages—Timber—Opening judgment—Practice.*

In an action of trespass to recover damages for cutting timber, where a judgment has been entered upon the verdict at the instance of the plain-

tiff, the time for trebling the damages has then passed. The judgment may be set aside, on application, to permit the court to treble the damages, but while it remains in full force the damages are settled·by it.

Argued April 10, 1894.  Appeal, No. 345, Jan. T., 1894, by defendant, William Zahner, from judgment of C. P. Columbia Co., May T., 1890, on verdict for plaintiff, Franklin Yocum, guardian of Nora Levan, minor.  Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Reversed.

Trespass for cutting timber.  Before IKELER, P. J.

The facts appear by the opinion of the Supreme Court.

Ejectment, No. 137, May T., 1886, had been brought between the same parties with notice of claim of mesne profits, but the court directed a verdict for defendant on the ground that plaintiff was not entitled to possession as against the life tenant.

Plaintiff offered to show by his own testimony the acts of trespass.  Defendant objected to the testimony for the reason that the facts already agreed upon showed that defendant was the owner of the land in question by a tax sale in June, 1880; and further because plaintiff had not shown that, at the time of the bringing of this suit, he had either the actual possession or the right to the immediate possession of the land in question.  Objection overruled and bill sealed. [1]

The court charged in part as follows :

" [The defendant interposes some legal objections to the plaintiff's demand.  First, that, by suit brought to No. 137 May Term, 1886, Franklin Yocum, guardian, against William J. Zahner and Frederick Dooty, the question now at issue was adjudicated.  We say to you as a matter of law, that the record in that case does not bar the plaintiff's recovery now. That was an action of ejectment, the main question being the right of the plaintiff to the possession of the land ; and the judge trying that case affirmed the points of the defendant, holding that the plaintiff was not entitled to possession while the life estate was outstanding in the defendant, and said to the jury this, ' I affirm these points, which withdraws the case from your consideration, and your verdict will be rendered for the defendant,' and directed the clerk to take the verdict of the jury to that effect.  That was not an adjudication of the matters in controversy here, and the verdict in that case is no bar to a recovery in this.] [4] . . . .

" [ Third, that, under the admissions of the parties and the evidence in the cause, the life estate is still existing in the defendant; and that, therefore, the plaintiff, having neither the actual possession, nor the right to the immediate possession, cannot recover in this action of trespass.    That objection also is groundless ; for such, in our view, is not the law. . . . If the defendant cut it and carried it away, even if he deposited it upon his own inclosed field, if he moved it off the tract where it grew, assumed control of it and thereby deprived the owner of the use and benefit of it, his act would amount to a conversion of the timber to his own use, and he would, if all other conditions are proved, be liable under this act of assembly for treble the value of the trees he cut and removed.    That is, he would be liable unless he cut no more timber on this tract than he had a right to cut, and as to that right we will instruct you presently.]" [2] . . . .

" [If the tenant for the life of her father, namely, William J. Zahner, the defendant here, cut no more timber from that tract of land than was reasonably necessary for the use, occupation and maintenance of this tract of land in order to keep things in ordinarily good condition and repair, then the remainderman cannot complain and would have no right of action for damages, because she has suffered none.    But in order to ascertain and determine that question, you must look at the character and nature of this tract of land and how it was being worked or operated at the time of the death of the owner in fee, Lucy Levan, the mother of this minor child—at how it was treated and held, managed, valued and used.    If it was mainly timber land, if the evidence shows that its chief value was its timber, and that the owner was not engaged (nor had been) in any cutting more than for the ordinary and necessary use and repair of the buildings if any, for fencing, for firewood and for family necessaries, the life tenant, the husband of Lucy Levan (or his grantee, the present defendant), would not be entitled under the law to any wholesale cutting of the timber upon the tract; and if he did cut and carry away in an unreasonable, unnecessary and wholesale manner, we hold that the present owner of the remainder in fee can maintain an action of trespass for the recovery of such damage as such plaintiff may prove under the law.] " [3]

Plaintiff's points were as follows:

" 1. That the finding of the jury in No. 137, May.T., 1886, does not preclude the plaintiff from maintaining his action and recovering in this case." Affirmed. [12]

" 2. That the plaintiff in this action is entitled to recover for damages to the freehold notwithstanding the verdict in ejectment, No. 137, for such amount as the jury believe the plaintiff to have suffered." Affirmed. [13]

Defendant's points were among others as follows:

" 1. In order for the plaintiff to recover in this case, he must show that, at the time of the alleged trespass, the plaintiff had possession of the premises in dispute or the right to the immediate actual possession thereof." Refused. [5]

" 2. Nora Levan, the plaintiff's ward, having inherited the land in dispute, subject to the life estate of her father, Lawson Levan, who is still living, plaintiff cannot recover in this action of trespass and the verdict must be for the defendant." Refused. [6]

" 3. This action is brought to recover damages to the estate in remainder, while the life estate still exists; it is impossible to estimate damage to the estate in remainder until the termination of the life estate; consequently the verdict of the jury must be for the defendant." Refused. [7]

" 7. If the jury believe that the real estate in question was timber land and was valued chiefly for the timber and has been so treated by Frederick Dooty, the grantor of Lucy Levan, or other owners, then the life tenant had the right to cut and haul away and sell the timber off of said land." Refused. [8]

" 8. If the jury believe that the real estate in question was valuable only for the timber, unless cleared, and only then valuable for farm land, then the life tenant had the right to cut the timber and haul the same away from said land." Refused. [9]

" 11. The plaintiff having previous to the bringing of the action in this case, brought an action of ejectment against the defendant, in which action upon notice given a claim for mesne profits was made, in which damage for the cutting of the same timber was claimed, and substantially the same evidence as now offered was given, in which action a verdict was rendered for the defendant, plaintiff is estopped from recovering in this case." Refused. [10]

12. Request for binding instruction.  Refused. [11]

Verdict and judgment for plaintiff for $280.25.  After the judgment was entered the court ordered judgment to be entered for treble damages, viz, $840.75.

*Errors assigned* were (1) above ruling; (2–4) instructions; (14) order trebling damages; quoting bill of exceptions, instructions and order.

*H. M. Hinckley*, *B. Frank Zarr* with him, for appellant.— In order to maintain this action of trespass quare clausum fregit, plaintiff must show that at the time of the alleged trespass, he held the actual possession of the premises, or the right to the immediate actual possession thereof: Shenk v. Mundorf, 2 Bro. 109; Campbell v. Arnold, 1 Johns. 513; Tobey v. Webster, 3 Johns. 468; Torrence v. Irwin, 2 Yeates, 210; Addleman v. Way, 4 Yeates, 218; Williams v. Dougherty, 6 Phila. 156; Greber v. Kleckner, 2 Pa. 291; Caldwell v. Walters, 22 Pa. 380; Clark v. Smith, 25 Pa. 137; Berkey v. Auman, 91 Pa. 481; 1 Chit. Pl. 179; 3 Bl. Com. 210; McIntire v. Coal Co., 118 Pa. 109; Collins v. Beatty, 148 Pa. 65; Bush v. Gamble, 127 Pa. 43; Wheeler v. Carpenter, 107 Pa. 271; Shiffer v. Broadhead, 134 Pa. 539.

If the land in dispute was chiefly timber land, having been used by the former owner as such, and this being its chief value and source of profit, the life tenant had the right to cut and use for profit the trees alleged to have been cut and taken away by him: Neel v. Neel, 19 Pa. 323; Irwin v. Covode, 24 Pa. 162; Kier v. Peterson, 41 Pa. 357; Westmoreland Coal Co.'s Ap., 85 Pa. 344; Williard v. Williard, 56 Pa. 119; Beam v. Woolridge, 3 Pa. C. C. R. 17; Rankin's Ap., 1 Mona. 308; Fairchild v. Dunbar Furnace Co., 128 Pa. 498.

A plaintiff may have a choice of two remedies to recover mesne profits: Drexel v. Man, 2 Pa. 267.  But he cannot have both: Frauenthal's Ap., 100 Pa. 295; Hughes v. Stevens, 36 Pa. 320; Herman on Estop. §§ 109, 111, 259, 260; Van-Dresor v. King, 34 Pa. 203; McIntire v. Coal Co., 118 Pa. 114; Danzinger v. Williams, 91 Pa. 225.

After the verdict was rendered and judgment was entered for the amount of the verdict, the court had no right to treble the damages and enter a second judgment.

*John G. Freeze, C. E. Geyer* and *C. G. Barkley* with him, for appellee.—The action was properly brought : McIntire v. Coal Co., 118 Pa. 109 ; Stat. Marlebridge, 52 Henry III. c. 23 ; Stat. Gloucester, 6 Edward I. c. 5 ; Stat. 20 Edward I. Stat. II. A. D. 1292 ; Roberts's Dig. "Waste," pp. 425, 426, 429 ; Dupree v. Dupree, 69 Am. Dec. 757 ; Welsh v. Anthony, 16 Pa. 254 ; Shult v. Barker, 12 S. & R. 271 ; Wilson v. Galey, 2 N. E. Rep. 736 ; Hughlett v. Harris, 12 Am. Dec. 104 ; Miles v. Miles, 64 Am. Dec. 362 ; Tammany v. Whittaker, 4 Watts, 221 ; Jackson & Gross on L. and T. 654 ; Moak's Underhill on Torts, 23 ; McCloskey v. Powell, 133 Pa. 62.

The destruction of the timber was waste : Woodman v. Good, 6 W. & S. 169 ; Tammany v. Whittaker, 4 Watts, 221 ; Padelford v. Padelford, 7 Pick. 152 ; Clemence v. Steere, 53 Am. Dec. 146 ; Ward v. Sheppard, 2 Am. Dec. 625 ; Wilds v. Layton, 12 Am. Dec. 91 ; Smith v. Sharp, 57 Am. Dec. 574 ; Clark v. Holden, 7 Gray, 8 ; Johnson v. Johnson, 29 Am. Dec. 621.

In the former suit nothing was passed upon by the jury, and only the fact that Zahner has acquired the life estate and held it at the trial and thus defeated the ejectment, was passed upon by the court. This was not res judicata : 21 A. & E. Ency. L. 129, 132, 266, note 1 ; Coleman's Ap., 62 Pa. 252 ; Follansbee v. Walker, 72 Pa. 228 ; Alcott v. Hugus, 105 Pa. 350 ; Carmony v. Hoober, 5 Pa. 305 ; Kane v. Fisher, 2 Watts, 246 ; Osbourn v. Osbourn, 11 S. & R. 55 ; Man v. Drexel, 2 Pa. 267 ; Myers v. Hill, 46 Pa. 15 ; Finley v. Hanbest, 30 Pa. 190 ; Bitzer v. Killinger, 46 Pa. 44.

Judgment for treble damages was properly entered : Tammany v. Whittaker, 4 Watts. 221 ; Welsh v. Anthony, 16 Pa. 254 ; O'Reilly v. Shadle, 33 Pa. 489 ; Kulp v. Bird, 7 Cent. R. 576 ; Beale v. Buchanan, 9 Pa. 123.

The redemption avoided the treasurer's deed, and left the title of the parties as they respectively stood before the sale : Shearer v. Woodburn, 10 Pa. 511 ; Coxe v. Gibson, 27 Pa. 160.

The title of Nora Levan was not fully divested, and could not be, until two years after she attained her majority : Woodland Oil Co. v. Shoup, 32 Pitts. L. J. 119.

When trees are once severed, the tenant ceases to have any interest in or right to the trees, and they then become the ab-

solute property of the reversioner, and this absolute ownership draws after it and with it the legal possession, so that he can maintain trespass for carrying them away and converting them: Waterman on Trespass, 399.

OPINION BY Mr. JUSTICE WILLIAMS, July 11, 1894:

When the facts in this case are understood the legal questions presented by them are by no means difficult of determination. The land which is the subject of controversy was owned, as early as 1873, by Frederick Dooty. He sold and conveyed it to his daughter Lucy, then the wife of Lawson Levan, in 1878. About two months after the deed to her, she died leaving her husband and an infant daughter Nora surviving her. Upon her death the title to the land descended to her daughter as heir at law, but it was subject to the life estate of the husband, given by the intestate laws. The relative situation and rights of the father and child were free from difficulty. The father was entitled to the possession during his life. The daughter held the fee subject to the life estate of her father, and was entitled to the possession when the life estate ended and not until then. In 1880 the land was sold by the treasurer of Columbia county for taxes, and Dooty, the grandfather of Nora and former owner, became the purchaser. In 1885 he seems to have regarded the failure of the infant to redeem the land from the tax sale as sufficient to vest in him a complete title. He accordingly sold the land in that year to Zahner, the defendant. After his purchase Zahner began to cut timber from the land, not for the purpose of clearing and cultivation, but for sale, and with a view to strip the land of its timber, in which its value mainly lay. In 1886 Yocum, the plaintiff, was appointed guardian of the person and estate of Nora Levan and undertook to look after her interest in the land. He began by redeeming it from the tax sale, and then brought an action of ejectment against Zahner who was in possession under the tax title, by a conveyance from Dooty the purchaser. Zahner thereupon took a conveyance from Lawson Levan of his life estate and on the trial of the action of ejectment defended against the title of the holder of the fee, by setting up the life estate as the basis of his claim to the possession. The action of ejectment failed because Zahner appeared to be

the owner of the life estate of Lawson Levan and entitled to possession of the land under it. Whether he derived his title to the life estate under his purchase from Dooty, or under the deed from Levan was of no consequence. The guardian held only his ward's title, and her right of possession did not accrue till the termination of the life estate. After her failure in the action of ejectment the guardian brought this action of trespass and declared for treble damages, under the provisions of the act of 1824, for the timber taken from the land by the defendant. He is again confronted with the life estate of his ward's father, held by the defendant, and the proposition that, being rightfully in possession under the life estate, he is not liable to an action of trespass at the instance of the remainderman or to treble damages under the act of 1824. Our first question is thus seen to be whether this action can be maintained.

The remedy for a remainderman on whose inheritance waste is being committed is well settled. It is not in trespass, but in case for the recovery of damages for the injury done to the freehold. The Act of 1824 does not change the rule in this respect, nor does it include in its provisions a remainderman. It does not give a new action to the owner of timber which has been cut without his consent. What it does give is a new statutory measure of damages in the common law actions of trespass and trover. Where these actions will not lie, the new measure of damages cannot be applied. It is too clear for serious contention that trespass will not lie at the suit of a remainderman against the life tenant in actual possession. This seems to be practically conceded, but it is contended that the action of trespass can be maintained on the theory that the guardian, by the act of redeeming the land from the tax sale, acquired the entire title that passed by the sale. As the sale cut off both the life estate and the freehold or might have done so, it is argued that the redemption carried both estates to the guardian when he paid the redemption money. This is a mistake. Redemption operated to set aside or annul the sale, and left the title precisely as though the sale had not been made. The remainder was revested in the heir at law, the life estate in the husband or his vendee. The heir neither gained nor lost in title by the process. This action cannot be maintained therefore on this theory.

But a substantial wrong has been done to the plaintiff.   The defendant has been enabled, by what certainly appears to be the unnatural and inexcusable conduct of a father and grandfather, to strip the estate of the minor of its timber, embarrass her guardian in his efforts to protect her interests, and waste her little inheritance in costs and expenses.   We are compelled to reverse this case, but we are not compelled to turn the plaintiff out of court.   The court below has the power to amend upon such terms as may be equitable between these parties, and the form of action and the statement of the plaintiff's cause of action may be so changed as to permit a trial of this case upon its merits.   The errors assigned upon this record are however fatal to the judgment appealed from for several reasons, which have been clearly pointed out by the learned counsel of the appellant.   The action of trespass cannot be maintained.   For that reason treble damages cannot be recovered under the act of 1824.   The judgment entered on the original verdict, if done at the instance of the plaintiff, was a final judgment, and the time for trebling the damages had then passed.   The judgment might have been set aside, on application, to permit the court to treble the damages, but while it remained in full force the damages were settled by it.   Upon consideration of the whole case we shall reverse the judgment and award a new venire to afford opportunity for such amendments to be made as may be necessary to reach the true ground of complaint, or for an adjustment between the parties, as the case may be.