## Carr, Appellant, v. Hughes.

*Replevin—Bailment lease—Fraudulent defense—Insufficient affidavit.*

An affidavit of defense to a declaration in replevin on a bailment lease is insufficient, which consists of a general denial of the bailor's title and a further averment that the bailment was entered into for the sole purpose of defrauding defendant's creditors, and that the title never was in the bailor or his assignee.

Where a party voluntarily enters into such a scheme he can find no relief by an appeal to the law which he has sought to evade.

Argued Nov. 13, 1918. Appeal, No. 31, Oct. T., 1918, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June Term, 1917, No. 2613, discharging rule for want of a sufficient affidavit of defense in the case of Joseph M. Carr v. Owen Hughes. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

412, (1919).] Statement of Facts—Opinion of the Court.

Replevin on a bailment lease.  Before McMichael, J.

The opinion of the Superior Court states the case.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Thomas Ross,* and with him *George Ross,* for appellant.—The affidavit was an insufficient answer to the plaintiff's declaration of title: McCafferty v. Brady, 19 W. N. C. 553; Klein v. Patterson, 30 Pa. Superior Ct. 495; King v. Richards, 6 Wharton 418; National Transit Co. v. Weston, 121 Pa. 485; Nat. Cash Register Co. v. Ryder, 22 Dist. Rep. 119; Fox v. Magaw, 12 Dist. Rep. 53; Forsyth v. Stumbaugh, 13 Dist. Rep. 339.

The defendant cannot take advantage of his own fraud: McBrerty v. Hyde, 211 Pa. 123; Murphy v. Hubert, 16 Pa. 50.

No appearance and no printed brief for appellee.

Opinion by Head, J., April 21, 1919:

In this action of replevin the learned court below discharged the plaintiff's rule for judgment for want of a sufficient affidavit of defense and, from that order, the plaintiff appeals.  It has now become well known that by the Act of 19th April, 1901, P. L. 88, the legislature created a radically new system of procedure in the trial of actions of replevin.  It declared the plaintiff in such action should file a statement under oath "which shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based."  Section five required the defendant within a period named to "file an affidavit of defense thereto, setting up the facts denying plaintiff's title and showing his own title to said goods and chattels."  Provision is then made for the entry of a summary judgment in case the defendant either neglects to file such

affidavit or files one that is properly determined to be insufficient in law to prevent such judgment.

Now the plaintiff in the present action filed a declaration or statement in strict compliance with the terms of the statute. He set forth a complete description of the livestock and inanimate property which he sought to recover. He declared that one, John Donnelly, had formerly been the owner of all of the said property and had entered into a written bailment lease with the defendant, Hughes, vesting in said Hughes the right to the possession of said property for the period of time and upon the terms fully set forth in said lease, a copy of which accompanied the statement. That lease was signed and sealed by the said defendant. It declared explicitly that Donnelly was the owner of the property therein described and that he, the defendant, had rented from Donnelly all of the said property in consideration of the payments and other covenants which the defendant therein agreed to make and perform. The lease further recites the manner in which Donnelly had become the owner of all the said property, to wit, by purchase at a public sale, the time and place of which are fully set forth. The statement finally declares that all of the rights of Donnelly, the lessor in the said lease, had been assigned and transferred to the present plaintiff for a good and valuable consideration, that demand had been made for the payment of the rent reserved in said lease, and that the defendant had neglected and refused to pay the same. There can be no doubt then the plaintiff had fully set forth a legal cause of action in the manner required by the statute.

Let us turn to the affidavit of defense. The affiant first contents himself with a general denial that the said Donnelly ever was the owner of the said property or that possession of the same was ever delivered to him under the terms of the said lease. No fact whatever is averred from which a court could determine that if the same were established by proof the conclusion to which the defendant swears would follow. Manifestly, as to that aver-

ment, the affidavit is wholly insufficient. The affiant does not attempt to deny that the public sale referred to in the plaintiff's declaration took place nor that the written lease, a copy of which is attached to the declaration, had been duly executed by him. He disposes of this otherwise troublesome portion of the declaration by the frank statement that he and Donnelly entered into this arrangement wholly and solely for the purpose of deceiving any creditors of Hughes; and were so handling this personal property, which he alleges was his all of the time, that his creditors could not reach it. The defense is unusual but does not, on that account, become potential to enable the defendant to escape liability. Where a party voluntarily enters into such a scheme he can find no relief by an appeal to the law which he has sought to evade nor by invoking the aid of the courts which administer the law for the purpose of advancing the ends of justice.

If then, we regard as absolutely true, these statements of fact advanced by the defendant, nevertheless, we must conclude that his affidavit was insufficient to prevent the entry of judgment.

The order of the court below discharging the rule for judgment is reversed and set aside, and the record remitted to that court with direction to make said rule absolute. The costs of this appeal to be paid by the appellee.