## Philadelphia *v.* Schaefer et al.

*Tax sales—Redemption—Reconveyance—Act of June 4, 1901, P. L. 364—Denial of title—Question for court—Lack of interest or consideration.*

1. The privilege of redemption of land sold for taxes has always been liberally construed in Pennsylvania under tax sales acts.

2. Where a petitioner for a reconveyance of real estate sold at a tax sale, avers that he was the owner in fee of the land before the sale, and sets forth, in his petition, the place of record of the deed to himself, an answer is insufficient which denies the petitioner's ownership in general terms, and avers that the deed obtained by him was without a valuable consideration and not executed in good faith. The grantor alone was interested in the consideration.

3. An averment of petitioner's lack of interest in the land, if supported by facts set forth, would make necessary the determination of the question by the court.

*Practice, C. P.—Pleadings—Reference to place of record of deed —Evidence—Act of May 14, 1915, P. L. 483—Rules of court of Philadelphia County.*

4. Under the rules of court of Philadelphia County, and the Practice Act of May 14, 1915, P. L. 483, reference to the place of record of documents, in a pleading, is sufficient without setting forth in full the instrument in question.

Argued February, 9, 1921. Appeal, No. 204, Jan. T., 1921, by Charlotte B. Smith, purchaser at tax sale, from order of C. P. No. 3, Phila. Co., Sept. T., 1914, No. 6705, M. L. D., making absolute rule for reconveyance of land, in case of Philadelphia v. Gustave A. Schaefer et al. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Rule for reconveyance of land sold at tax sale. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute. Charlotte B. Smith, purchaser at tax sale, appealed.

*Error assigned* was order, quoting record.

*Walter Biddle Saul,* for appellant, cited: Yocum v. Zahner, 162 Pa. 468; McBride v. Hoey, 2 Watts 436; Orr v. Cunningham, 4 W. & S. 294; Shearer v. Woodburn, 10 Pa. 511; Kunkel v. Kunkel, 267 Pa. 163.

*Lorenzo D. Bulette,* for appellee, cited: Patterson v. Brindle, 9 Watts 98; Gault's App., 33 Pa. 94; Bodine's Case, 2 W. N. C. 371; Phila. v. Unknown, 30 Pa. Superior Ct. 516; Ley v. Huber, 3 Watts 367; Shalemiller v. McCarty, 55 Pa. 186.

OPINION BY MR. JUSTICE SADLER, February 28, 1921:

The city of Philadelphia caused certain real estate to be sold for nonpayment of taxes. On October 6, 1919, Charlotte B. Smith became the purchaser, and the sheriff's deed to her was acknowledged and recorded. Within a year, Fred J. Schaefer presented his petition to compel a reconveyance to him as the holder of the title to the land. Section 33 of the Act of June 4, 1901, P. L. 364, gives to "the owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby [the right to] redeem the same at any time within one year from the date of acknowledgment of sheriff's deeds therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging and recording the sheriff's deed; the amount of all taxes and municipal claims, whether or not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses on the property actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per cent per annum thereon, from the time of each of such payments." The procedure fixed by this legislation was followed; the petitioner averred he was the owner in fee of the land which had been sold, describing it, having acquired title prior to the tax sale by a deed, the place of record of which was set forth; a sufficient statement of ownership. Under rules of court adopted in many of the counties of the State, including Philadelphia, from which this appeal comes, reference to the place of record of documents, in a pleading, is sufficient without setting forth in full the instrument in question. The same is now true generally as to those proceedings in which the Practice Act of 1915 is applicable, by the expressed declaration of section 5 thereof.

The privilege of redemption has always been liberally construed in Pennsylvania under the various acts of as-

sembly regulating tax sales. "Any right which, in law or equity, amounts to an ownership in the land, any right of entry upon it, to its possession or enjoyment, or any part of it, which can be deemed an estate in it, makes the party an owner, so far as it is necessary to give him the right to redeem": Patterson v. Brindle, 9 Watts 98, 101, quoting from Justice BALDWIN in DuBois v. Hepburn, 10 Peters 1. This equity of redemption could be . conveyed, even subsequently to the tax sale, and the transferee could enforce it: Gault's App., 33 Pa. 94; In re Bodin, 2 W. N. C. 371. The Act of 1901, which controls the present proceeding, expressly provides for the redemption by either the owner or his assignee.

The respondent here would distinguish the rules established in the cases dealing with tax sales of unseated lands in that the redemption, under such circumstances, merely annulled the transaction leaving the title precisely as though the sale had not been made (Yocum v. Zahner, 162 Pa. 468) ; whereas in sales such as provided for by the Act of 1901, a deed is made by the sheriff to the purchaser, who in case of redemption conveys directly to the one making the payment; the effect of which, respondent contends, is not to set aside the tax sale, but to ratify and confirm the same, and establish title through the sheriff's vendee. The mere fact that such procedure has been provided for does not change the character of the transaction. This is made clear by an examination of Gault's Appeal, supra, where the grantee was held to have the right to redeem, the title involved being controlled by the Act of May 13, 1856, P. L. 567, section 11, which provided, as does the Act of 1901, for sale and reconveyance by the purchaser to the owner (see, also, Phila. v. Unknown, 30 Pa. Superior Ct. 516).

The answer of respondent denies, in general terms, the claim of ownership made by the petitioner; and states that the deed obtained by Schaefer was without valuable consideration, and not executed in good faith. It is true an averment of petitioner's lack of interest in the land,

if supported by facts set forth, would make necessary the determination of the question by the court. The mere statement of a conclusion of nonownership is, however, insufficient, unless there be alleged the premises upon which this inference rests: Carr v. Hughes, 71 Pa. Superior Ct. 412; Fulton Farmers Assn. v. Bomberger, 262 Pa. 43. The suggestion that such principle is not applicable here, since the denial of ownership is as broad as the affirmance of that fact in the statement, is not sustainable; for the plaintiff, by reference to the place of record, has, in effect, attached to his pleadings the recorded deed for the property in question. In the present case, the respondent does set forth certain facts upon which she predicates her averment that no title passed; the reasons given are not, however, such as could be made the basis of complaint by the purchaser at the tax sale. If the deed was without consideration, that was a matter in which the grantor alone was interested.

The answer filed was insufficient, and the court below properly made absolute the rule and directed the purchaser to reconvey. The assignments of error are overruled, and the decree of the court below is affirmed, at the costs of the appellant.