## Weible's Tax Compromise

*Gilbert D. Levine,* for petitioner.

*Robert M. White,* city solicitor, and *Gilbert E. Long,* assistant city solicitor, for City of New Castle.

*William McElwee, Jr.,* for Lawrence County.

*J. Elder Bryan,* for bidder.

BRAHAM, P. J., July 21, 1943.—The commissioners of this county have presented their petition for confirmation of an agreement to compromise taxes. It was entered into by themselves on behalf of the county and Cora E. Weible, the former owner of the lands in question. The taxes are due the county institution district, school district, and city for the years 1932-1942, inclusive, and are to be compromised by payment of the face amount of the taxes and the costs.

Prior to the presentation of this petition to compromise, two petitions of the commissioners for a private sale of these lands to Mary Alice Woods had been the subject of numerous hearings before the court. The first petition for private sale was ultimately dismissed but there is now pending and undisposed of at no. 80, June term, 1943, M. D., a petition to sell the lands at private sale for $1,900.

Should the lands be sold at private sale to Mary Alice Woods for $1,900 or should the former owner be allowed to recover them by paying the face amount of the taxes which equals $1,140.38, plus 1943 school tax and costs? The face of the tax plus interest, penalties, and costs is $1,667.04. The approval of the compromise is resisted by Mary Alice Woods and by the city of New Castle; the approval of the private sale is resisted by Cora E. Weible, the former owner.

Certain preliminary objections lodged by the city may be briefly disposed of. The Act of May 21, 1937, P. L. 787, as amended by the Act of July 29, 1941, P. L. 600, 72 PS §5878a-5878d, authorizes a compromise either before or after the expiration of the period of redemption. This is the plain meaning of the act. A

private sale is authorized only after the period for redemption has expired, the reason being obvious; but the legislature has left the time for compromise without limit.

The further contention that the court cannot approve this compromise as to city taxes because it was the county commissioners and not the city councilmen who negotiated the agreement must be rejected. The city treasurer has the right to sell real estate for delinquent taxes of the city and the city has a right to purchase at such sale: The Third Class City Law of June 23, 1931, P. L. 932, secs. 2575, 2580, 53 PS §12198-2575, 2580. The powers of the county treasurer and the county are similar under the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971a, 5971j. The Act of 1937 as amended in 1941, under which the present compromise of taxes is sought (72 PS §5878a), authorizes any municipality to compromise taxes. Municipalities other than the one making sale may be interested because they have unpaid taxes which are liens. This tax compromise act operates equally as to all. The municipality holding the title does so as trustee for all: Andrews Land Corporation's Appeal, 149 Pa. Superior Ct. 212. It may enter into an agreement of compromise but only with the approval of the court and after a hearing of which due notice must be given. The Andrews case is decisive as to this claim of the city.

A tentative agreement of compromise having been entered into between the commissioners and Mrs. Weible the matter is now before the court, and the time has arrived for a consideration of the rights and the views of the other municipalities. Significantly the provision authorizing the court to approve the compromise is in this language:

"If, after such hearing, the court is satisfied that the proposed compromise or private sale is proper and to the advantage of all the taxing authorities interested, it shall enter a decree approving such compromise, settle-

ment, private sale or such other settlement as the court may find to be proper, and directing a conveyance of such property to the person or persons with whom the agreement has been made, upon the payment of the agreement [sic] amount or such amount as the court may approve, and all costs of the proceeding": Act of May 21, 1937, P. L. 787, sec. 4, as amended by the Act of July 29, 1941, P. L. 600, 72 PS §5879d.

Certain it is that the law has always favored allowing the former owner to pay up his taxes and recover his property. In Steiner & Newbold v. Coxe, 4 Pa. 13, Chief Justice Gibson ruled that the commissioners might make a private agreement with a former owner by which he might redeem for less than the taxes due, although the period for redemption had expired and there was no statute allowing such agreement. Said he (p. 26) :

"It consists not with the justice or the dignity of a free government to confiscate the estates of its citizens; or make them bear more than their respective proportions of the public burdens; or to speculate on their short-comings as sources of increased revenue".

This right was affirmed, although rather grudgingly, by Chief Justice Agnew in Lee et al. v. Jeddo Coal Co., 84 Pa. 74. In Philadelphia v. Schaefer et al., 269 Pa. 550, 552, it was stated:

"The privilege of redemption has always been liberally construed in Pennsylvania under the various acts of assembly regulating tax sales."

The best evidence of the mind of the legislature in this particular is indeed the long series of acts authorizing a compromise of taxes. There are now three such acts on the statute books, viz, the Act of May 25, 1933, P. L. 1018, as amended by the Act of July 17, 1935, P. L. 1122, 72 PS §5876, the Act of July 17, 1935, P. L. 1091, 72 PS §5879, and the Act of 1937, amended in 1941, upon which the present proceeding is based.

Thus the right of compromise is now statutory and the law provides that the court shall approve if "satis-

fied that the proposed compromise is proper and to the advantage of all the taxing authorities interested". The city says the compromise is not to its advantage because the private sale to Mrs. Woods will net about $800 more than the compromise, of which the city would get its proportionate share. The typical case for compromise is one where the property is not worth the tax. But there are also cases where the former owner is in financial distress and likely to become a charge if he is evicted from his home, in which case we may appropriately find that it is to the advantage of the municipality to accept a lesser amount from a compromise even although a larger amount may be realized from the sale. But the evidence before us does not show Mrs. Weible to be a necessitous person. She is shown to have been loyal to an ailing husband and to have expended a large amount of money for his maintenance but she lives without the State and is not shown to be indigent. Further, it appears that her agent in good faith made certain repairs for which he desires to be reimbursed. These are persuasive things but nothing to induce the conclusion that it is to the advantage of the City of New Castle to receive less than the full amount of its taxes.

Although we are forced to disapprove the agreement to compromise for the face of the taxes plus the 1943 school taxes and all costs, the power of the court does not end here. We may approve "such other settlement as the court may find to be proper". By the Act of July 17, 1935, P. L. 1091, sec. 1, 72 PS §5879, it is provided:

". . . in all cases where, heretofore or hereafter, real estate shall have been or shall be purchased at tax sale by a county, it shall be lawful for the county commissioners in their discretion, to permit a redemption of said real estate, or part thereof, so long as the title thereto remains in the county, notwithstanding the period during which the right of redemption existed shall have expired; provided all taxes with interest and costs due thereon, but less any penalties, shall be paid".

The compromise agreement authorized by the Act of 1935 does not require approval of court. It represents the point where the policy of the law favoring redemption meets the policy insisting upon financial advantage to the municipality. Where the former owner is able to pay taxes, interest, and costs the commissioners are authorized to remit the penalties; this represents the irreducible minimum of the Commonwealth's generosity to the owner who has been unfortunate and has lost his land because of failure to pay taxes. The Government should not and does not seek a profit at the expense of the unfortunate. Entertaining these views we make the following

*Order*

Now, July 21, 1943, the proposed compromise of taxes, the details of which are set out in the agreement between the Commissioners of Lawrence County and Cora E. Weible dated May 8, 1943, and attached to the petition filed in this case, is disapproved and in lieu thereof the court approves another settlement, whereby the former owner shall pay all taxes with interest and costs due thereon but less any penalties.