## Powell et al. v. Lawrence County et al.

*Kenneth M. McLure*, for plaintiffs.

*William McElwee, Jr., Robert L. Wallace* and *Robert White*, for defendants.

BRAHAM, P. J., September 23, 1947.—Upon permissive redemption of real estate which has been sold to the county at treasurer's sale and held by the county until after the period of redemption has expired, is

the former owner entitled to rents accruing after the period of redemption and collected by the county? The pending action is brought in assumpsit by the former owner against the County of Lawrence, the other defendants being added only because the county is trustee for them under the rule of Zerbe Township School District et al. v. Thomas et al., County Commissioners, et al., 353 Pa. 162.

Defendants have in their answers denied any liability to plaintiffs and to these answers plaintiffs have demurred. They might have filed a demurrer as one of the preliminary objections allowed to a plaintiff to test his adversary's answer by Pa. R. C. P. Rule 1017; instead they have filed a motion for judgment on the pleadings under rule 1034. Either procedural remedy accomplishes the same end of testing plaintiff's right to recover the rents collected by the county when the county had title. No objection to the procedure adopted by plaintiff has been advanced and we omit further discussion of the point.

Plaintiffs' demand for the rents is based upon the contention that the redemption of a property after a tax sale rescinds the sale and revests the title in the former owner just as it was before the sale. Hence, reason plaintiffs, the redeeming owners are entitled to the intermediate rents just as though title had never been out of them. Yocum, Guardian of Levan, v. Zahner, 162 Pa. 468, 475, Coxe v. Wolcott & Smith, 27 Pa. 154, 158, and Laird v. Hiester, 24 Pa. 452, 464, are cited to this end. In the Yocum case the Supreme Court did say that the redemption, "operated to set aside or annul the sale and left title precisely as though the sale had not been made". But the point in these cases was the ability of a former owner who held less than a fee to redeem for himself alone and thus cut off the others in the title. This may not be done. Redemp-

tion when accomplished merely revives the original situation.

The inability of a redeeming owner to cut off those who were also interested in the title does not mean that the redeeming owner may dictate to the municipality which has bought that land for taxes the terms of the recovery. A tax sale is an exercise of the power of the sovereign: Day v. Ostergard et al., 146 Pa. Superior Ct. 27, 31. The title which is obtained by the municipality which purchases at tax sale becomes an absolute title after the period of exemption has expired: City of Philadelphia, Trustee, v. Raup et al., 177 Pa. 396; Goodman v. Sanger, 85 Pa. 37; Gault's Appeal, 33 Pa. 94. Notwithstanding the absolute nature of the title obtained by the purchasing municipality it has been held from very early times that the purchaser may allow redemption even after the time for redemption fixed by the statute has expired: Steiner & Newbold v. Coxe, 4 Pa. 13, 26.

But the right to redeem is now largely statutory. The general right of redemption of seated lands is granted by the Act of May 13, 1879, P. L. 55, 72 PS §6071, the two-year period during which redemption must be sought being derived from the Act of March 13, 1815, P. L. 177, sec. 4, as amended by the Act of July 12, 1935, P. L. 663, 72 PS §6091. This redemption is of right. In addition there are various kinds of permissive redemption. The Act of May 25, 1933, P. L. 1018, as amended by the Act of July 17, 1935, P. L. 1122, 72 PS §5876 et seq., allows the commissioners, whether or not the period for redemption has expired, to enter into an agreement of compromise with the former owner, subject to the approval of the court, for any sum less than the whole of the taxes, penalties, interest and costs. The Act of May 21, 1937, P. L. 787, as last amended by the Act of May 16, 1945, P. L. 603, 72 PS §5878-a, contains similar provisions about lands sold for taxes or municipal claims.

The act under which redemption was secured in this case is the Act of July 17, 1935, P. L. 1091, 72 PS §§5879-5881. The first section of this act is as follows:

"In all cases where, heretofore or hereafter, real estate shall have been or shall be purchased at tax sale by a county, it shall be lawful for the county commissioners in their discretion, to permit a redemption of said real estate, or part thereof, so long as the title thereto remains in the county, notwithstanding the period during which the right of redemption existed shall have expired; provided all taxes with interest and costs due thereon, but less any penalties, shall be paid."

There is one further type of redemption. It is redemption by installments under the Act of May 1, 1941, P. L. 31, 72 PS §5573, in case the redemption time has not expired, or the Act of July 28, 1941, P. L. 535, 72 PS §6105.1, whether or not the time for redemption has expired: Beaver County Trust Co., Trustee, v. Beaver County Commissioners et al., 44 D. & C. 215. These acts require the payment of all taxes, municipal claims, costs, penalties and interest; provide for the payment in five installments and state that possession shall be delivered to the former owner. The right to this form of redemption is by the terms of the acts mandatory so long as the municipality retains title to the property: Blythe Township School District v. Mary-D Coal Mining Co., Inc., 354 Pa. 407.

In the light of this legislation let us consider the situation of plaintiffs at the time they sought redemption. They could not redeem under the Act of 1879 because the time had long past. They could not redeem under the Installment Acts of 1941 without agreeing to pay everything, including penalties, in installments. They could not redeem under the Acts of 1933 or 1937, as amended, without agreeing with the commissioners as to amount and securing the further approval of the court.

Redemption under the Act of 1935 offers definite advantages to the former owner. Redemption under this act does not require approval of court. The commissioners alone may complete the compromise. No notice need be given to anyone as is required in the Acts of 1933 and 1937 and in consequence rival bidders are not likely to appear. The act is clear as to the relief afforded the taxpayer. He saves the penalties.

Having proceeded to redeem their property with the approval of the commissioners as provided by the Act of 1935, plaintiffs now demand the return of the rentals collected by the county after the expiration of the two-year period for redemption and before the actual redemption. The rents amount to $161.50. Plaintiffs invoke the principle that the Government should not seek "to confiscate the estates of its citizens" or "to speculate on their shortcomings as sources of increased revenue", quoting Chief Justice Gibson in Steiner & Newbold v. Coxe, 4 Pa. 13, 26. This principle has been followed by this court in approving just agreements of compromise signed by the commissioners although strangers to the title might be willing to pay more: In re Weible Tax Compromise, 2 Lawrence 134, In re Scanlon's Petition, 2 Lawrence 152, In re Petition of County Commissioners, etc., 5 Lawrence 138.

The point of the statutes and cases which have been cited is plaintiffs' position as suppliants. In permissive redemption they seek the favor of their Government. Only by paying everything due within the period of redemption or by taking advantage of the Installment Acts of 1941 are they in position to demand return of their property as of right. Plaintiffs argue that if they can agree to pay everything in installments and be entitled to their property, they can pay it all at once and be entitled to the same. This leaves the penalties out of consideration. Proceeding as they have, plaintiffs have saved the penalties.

Under the permissive Redemption Acts of 1933 and 1937 the former owner pays only so much as has been agreed upon. This enables the authorities to take care of a situation where the taxes exceed the market value. But in such case the agreement settles everything and the former owner may not thereafter claim for the income from the property while it was out of his hands. To allow such claim would be to remake the bargain. Under the permissive Redemption Act of 1935 the legislature makes the bargain. The commisssioners are empowered without approval of court to waive the penalties—no more. To allow the present claim would be to remake the statutory bargain. The rents in question accrued on real estate which had become the property of the county. It is a sound principle that definite warrant of law must be shown before public moneys are paid out of the treasury. The Act of 1935 does not authorize the former owner, upon compliance with the act, to receive a conveyance of the real estate and accrued rents; the third section of the act authorizes only the reconveyance of the property.

Nor is there the compelling force in the principle that the title after redemption reverts to its condition before sale which plaintiffs claim for it. Yocum, Guardian of Levan, v. Zahner, 162 Pa. 468, and the other cases cited relate to disputes between the several persons interested in the title before sale. One hundred years ago Chief Justice Gibson rejected in Steiner et al. v. Coxe, supra, the idea that a tax title gives the municipality only the title of mortgagee which is effective only to secure the payment of taxes. When a former owner seeks redemption he is dealing with the sovereign in possession of absolute title and inhibited only by such limits as it has imposed on itself.

The general authorities cited by plaintiffs in support of their claim to these rents are not convincing. 61 C. J. 1279 §1768 and 51 Am. Jur. 958, §1104, are cited

but upon examination are found not to meet our situation. In 51 Am. Jur. 932, §1071, the rule is stated thus:

"From and after the execution of the tax deed conveying the full title, the purchaser is entitled to all the rents, issues and profits of the land, and if the former owner of property, in ignorance of the tax sale, collects rent from the tenant after the purchaser has acquired title to the land, he may be held liable in assumpsit . . . to the purchaser."

A different rule prevails before the expiration of the period of redemption: 147 A. L. R. 1084.

The case of People v. Maxfield (Calif.) 173 P. (2d) 845, cited and relied upon by plaintiffs, is not in point. There the rents in question accrued and redemption was sought during the period for redemption. Furthermore, the State was paid its claim in full. In Zerbe Township School District et al. v. West Line Coal Co. et al., 59 D. & C. 505, the Common Pleas Court of Northumberland County held in a per curiam opinion that, where coal was mined upon the lands sold to the county for taxes after the expiration of the period for redemption and before redemption by installments under the Act of 1941, the royalties belonged to the county and not to the former owner, at least until the former owner paid all the installments in full. Applying the reasoning of this case to our own we conclude that since the county is never to be paid in full because the penalties have been forgiven and plaintiffs have obtained the redemption of their property only by the consent of the county commissioners under the Act of 1935 plaintiffs have no standing to demand the rents which accrued while title was absolute in the county.

Entertaining these views, we make the following

### Order

Now, September 23, 1947, plaintiff's motion for judgment on the pleadings is overruled and refused.