## City of Philadelphia v. Munday

*Norman R. Bradley*, for Anthony I. Munday, petitioner.

*Maurice M. Green*, for Norman M. Rosengarten, petitioner.

ALESSANDRONI, J., May 28, 1952.—Petitioner, Anthony I. Munday, is an heir of the deceased owner, Daniel J. Munday. Norman M. Rosengarten is the assignee of a mortgage on the premises. The land involved is undeveloped, located in the Fiftieth ward in the City of Philadelphia, Pa.

The land was sold on March 5, 1951, by the Sheriff of Philadelphia. The deed was acknowledged by the sheriff on April 16, 1951. On April 4, 1952, Rosengarten filed a petition for a rule to show cause why he should not be allowed to redeem the premises. On April 16, 1952, Anthony I. Munday petitioned for a similar rule. Both petitioners rely on the language of the Act of May 16, 1923, P. L. 207, sec. 32, 53 PS §2052, which provides the procedure for redemption of property sold at sheriff's sale.

The statute provides, inter alia:

"If both owner and creditor desire to redeem, the owner shall have the right so to do only in case he pays the creditor's claim in full."

Rosengarten construes this to mean that in order to redeem the property after it has been sold, and when a creditor also desires to redeem, the owner must, as a condition precedent to exercising the right, pay the creditor in full.

We do not so read and interpret the section. The statute states further:

"Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money;".

Thus, it is clear that "redemption money" means not only the other charges listed in the body of the section of the statute, not here cited, but includes the creditor's claim. The statute does not require that the petition must set forth, where both owner and creditor are interested in redeeming, an averment that the owner has paid the creditor's claim in full. All the statute indicates is an averment of "his readiness to pay."

There is another factor in this interpretation, namely, the equities of the parties. Clearly the equity is in favor of the owner or those who claim through him. The creditor has no complaint; he will be paid in any event. "The privilege of redemption has always been liberally construed in Pennsylvania. . .": Philadelphia v. Schaefer et al., 269 Pa. 550, 552.

### Order

And now, to wit, May 28, 1952, petitioner Norman M. Rosengarten's rule to show cause why the premises should not be conveyed to him on payment of the redemption money is discharged; petitioner Anthony I. Munday's rule to show cause why he should not be permitted to redeem the property is made absolute, provided, that Anthony I. Munday makes settlement for same in compliance with the Act of 1923, P. L. 207, sec. 32, 53 PS §2052, on or before June 6, 1952.